# F.

# SPRUILL POST-INCIDENT POLICY



| **ATHENS-CLARKE COUNTY POLICE DEPARTMENT** | |
|---|---|
| **Written Directive:** 5.06 | |
| **Title:** Mentally Ill and Homeless Individuals | |
| **Original Issue Date** <br> 04/15/19 | **Reissue / Effective Date** <br> 04/22/19 |

**Compliance Standards:** CALEA Law Enforcement: 41.2.7, 70.1.6, 70.1.8, 82.2.1

CALEA Communications: N/A

State Certification: N/A

| **Rescinds:** B1/11/01, B1/11/02, B1/11/03 | **Authorization** <br><br> *[signature]* <br> **Police Chief Cleveland Spruill** |
|---|---|

*This Written Directive is for Departmental use only and does not apply in any criminal or civil proceeding. This Written Directive should not be construed as creation of a higher legal standard of safety or care in an evidentiary sense with respect to third party claims. Violations of this Written Directive will only form the basis for Departmental administrative sanctions. Violations of law will form the basis for civil and criminal sanctions in a recognized judicial setting.*

## I.  PURPOSE

The purpose of this Written Directive is to establish guidelines, policies, and procedures for Athens-Clarke County Police Department members for the handling of persons who, due to mental illness, present a danger to themselves or others and cannot meet their basic needs or ordinary demands of life.

## II.  POLICY

Mental illness or homelessness is not a crime and does not, in itself, justify or require police intervention.  Many mentally ill persons are capable of functioning on their own without danger to themselves or others.  When persons appear to be mentally ill, however, the Department's primary concern shall be to protect the mentally ill person and other citizens.

## III.  DEFINITIONS

<u>Mentally Ill Individual</u>:  A person who has a substantial disorder of thought, mood, perception, orientation, or memory that grossly impairs judgment, behavior, capacity to recognize reality, or ability to meet the ordinary demands of life.

<u>Homeless Individual</u>:  An individual who lacks a fixed, regular, and adequate nighttime residence or has a primary nighttime residency that is: (1) A supervised publicly or privately-operated shelter designed to provide temporary living accommodations, or (2) A private place not designed for, or ordinarily used as a regular sleeping accommodation for human beings.

## IV. PROCEDURES

A. <u>Protective Custody</u>

Georgia General Statutes Section 37-3-42(a) permits a peace officer to take any person to a physician within the county or adjoining county for emergency examination by the physician, as provided in Code Section 37-3-41 or directly to an emergency receiving facility if the person is committing a criminal offense and the officer has probable cause to believe that the person is a mentally ill person requiring involuntary treatment. The peace officer need not formally tender charges against the individual prior to taking the individual to a physician or an emergency receiving facility under this Code section. The peace officer will write a report detailing the circumstances under which the person was taken into custody.

B. <u>Recognizing abnormal behavior</u>

1. Mental illness is often difficult for even the trained professional to define in a given individual. Officers are not expected to make judgments of mental or emotional disturbances but rather to recognize behavior that is potentially dangerous or destructive to self or others.

2. When Athens-Clarke County officers are confronted with a situation involving a mentally ill individual, the officer should endeavor to gain as much background information about the individual as possible. Some of the signs to help recognize mental illness in a person relate to significant changes in behavior. These include:

   a. Others saying that the person is not "him/herself;"

   b. They may behave in a way dangerous to themselves or to others;

   c. They may withdraw into themselves, talking only to themselves;

   d. Mentally ill persons may show signs of strong and unrelenting fear of persons, places, or things. The fear of people or crowds, for example, may make the individual extremely reclusive or aggressive without apparent provocation.

   e. They may have sensations that are not based on reality, such as:

      (1) Visions, strange odors, peculiar tastes or voices

      (2) Unrealistic ideas or grand thoughts about themselves

      (3) Believing that they are worthless (extreme depression)

      (4) Delusions (unrealistic ideas) about the world

      (5) Exaggerate events that occur

      (6) Believe the world is more unfriendly than it is

      (7) Strange losses of memory or not know the time, or where or who they are

      O.C.G.A Section 37-1-1 (11) provides guidelines for the recognition of persons suffering from mental illness and guidelines and suggestions for dealing with citizens in crisis due to a mental illness.

3. The types of impaired (abnormal) behavior that are most dangerous are the violent, depressed/suicidal, or where physical illness or loss of memory is involved. Impaired behaviors seen most often by officers include the:

   a. Psychopathic personality

   b. Alcoholic

   c. Drug addict

   d. Sex offender

   e. Developmental/ Intellectually Disabled

   f. Mental disorders of old age

4. If the officer observing the conduct of the individual has any doubt as to whether or not the individual is a "person requiring treatment," the officer shall request a supervisor be dispatched to the scene.

5. Officers shall complete an Incident Report to document the incident.

6. Officers have the authority to remove a person from his or her home if the person: (i) presents a substantial risk of imminent harm to the person or others, as manifested by either recent overt acts or recent expressed threats of violence which present a probability of physical harm to the person or others; or (ii) is so unable to care for the person's own physical health and safety as to create an imminently life-endangering crisis. O.C.G.A. Section 37-3-1.(9.1)(A)(i).

C. <u>Dealing with the Mentally Ill</u>

Should the officer determine that an individual may be mentally ill and a potential threat to themselves, the officer, or others, or may otherwise require law enforcement intervention; the following responses provide general guidelines.

1. Take steps to calm the situation. Where possible, eliminate emergency lights and sirens, disperse crowds, and assume a quiet non-threatening manner when approaching or conversing, with the individual;

2. Move slowly and do not excite the disturbed individual. Provide reassurance that the police are there to help and that they will be provided with appropriate care;

3. Avoid topics that may agitate the individual and guide the conversation toward subjects that help bring the individual back to reality;

4. Always attempt to be truthful with the individual. If a subject becomes aware of deception, they may withdraw from contact in distrust and may become hypersensitive or retaliate in anger.

D. <u>Accessing Available Community Mental Health Resources</u>

1. Athens-Clarke County employees should be aware of available community mental health resources in the area. A listing of these agencies is kept in the Dispatch

Center, and includes:

- The Advantage Behavioral Health Systems
- Clarke County DFCS Office
- Alzheimer's Safe Return Program:  1-800-272-3900
- Athens-Clarke County Department of Human Services
- Georgia Crisis and Access line: 1-800- 715- 4225
- Piedmont Athens Regions Hospital
- St. Mary's Hospital
- Suicide Prevention Lifeline, 1-800- 273-8225
- Benchmark Human Services

2.  If problems arise while trying to access resources officers should notify the Crisis Intervention Unit so that these issues can be addressed during collaborative meetings and follow up.  The Crisis Intervention Unit will assist the department with repeat problems and work to connect those in need of services or treatment with appropriate resources.

E.  <u>Conveyance when Presented with a Court Ordered Admission</u>

1.  When a court determines that there is probable cause to believe that an individual has "psychiatric disabilities" and is dangerous to himself or herself or others, or gravely disabled, that court may order that such an individual be taken into custody and transported to a hospital for examination.  Under these circumstances, the officer will take the individual named in the document into protective custody and convey the individual to the appropriate treatment facility for examination.

## V.  HOMELESS PERSONS

While it is clear that all homeless persons are not mentally ill, it is evident that many persons who are homeless suffer from varying degrees of mental illness and/or substance abuse.

A.  <u>Procedure for Homeless Persons</u>

At any time, and for any reason, an Athens-Clarke County officer may approach a homeless person, who has not been observed engaging in any criminal activity, to advise him or her of shelters, services, or assistance, which are currently available.  The homeless person may or may not accept the advice or referral and may even walk away from the officer.  The homeless person is under no legal obligation to remain and is free to walk away.  The sole rationale is to proactively provide referrals to the homeless.

B.  <u>Transporting Homeless Persons</u>

Officers may transport homeless persons to homeless shelters when the person accepts such referrals.  Officers transporting a homeless person to a shelter will need to comply

with the intake procedures of the chosen organization.  The name of the intake worker should be noted on the officer's Incident Report (or CAD.)

C. <u>Resources for the Homeless</u>

- ARCH/ Athens Resource Center of Hope for the Homeless, located at 240 North Ave
- Bigger Vision, 95 North Ave (Oct15- April15)
- Sparrow's Nest, 745 Prince Ave
- Salvation Army, 480 Hawthorne Ave

D. <u>Arrests</u>

Arrests of all persons, including those defined as homeless, shall comply with all applicable laws and departmental policies and procedures.  However, when encountering a homeless person who has committed a misdemeanor law violation (e.g., begging, etc.,) where the continued freedom of the individual would not result in disorderly conduct or a more serious offense, officers are encouraged to utilize referral services or other appropriate social service agencies in lieu of a physical arrest.  It must be recognized that such referral is contingent on the voluntary agreement of the homeless person to accept such referral.  The discretion to make a physical arrest of a person determined to be homeless for misdemeanor violations shall be the responsibility of the individual officer.