## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **JAYNE SWINFORD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 3:21-CV-90 (CAR)** |
| | : | |
| **JOSHUA SANTOS; CHARLES** | : | |
| **BIDINGER; ROGER WILLIAMS, JR;** | : | |
| **JONATHAN MCILVANE; RICHARD** | : | |
| **LEDER; CLAUDE JOHNSON; CHIEF** | : | |
| **CLEVELAND SPRUILL;** | : | |
| **ATHENS-CLARKE COUNTY,** | : | |
| **GEORGIA;** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR EVIDENTIARY HEARING

Before the Court are Plaintiff Jayne Swinford's Motion for Reconsideration [Doc. 20] and Motion for Evidentiary Hearing [Doc. 25]. For the reasons discussed, Plaintiff failed to show she is entitled to reconsideration or an evidentiary hearing. Thus, Plaintiff's Motions are **DENIED**.

Plaintiff Jayne Swinford originally filed this action against the Athens-Clarke County Unified Government ("ACC"), the Chief of ACC Police Department and five individual ACC police officers in the State Court of Athens-Clarke County. She asserts claims for excessive force and wrongful death after the officers shot and killed her

husband, Thomas Swinford ("Swinford"). Defendants timely removed the action to this Court and moved to dismiss Plaintiff's Complaint. Plaintiff later filed a motion to amend her complaint. In its Order entered on March 31, 2022, the Court granted Defendants' motion to dismiss and denied Plaintiff's motion to amend.[1] Plaintiff now moves the Court for reconsideration under Federal Rule of Civil Procedure 59(e).

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[2] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[3] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under rule 59(e) is an extraordinary remedy to be employed sparingly."[4] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[5] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[6] Ultimately, "[w]hether to grant a

---

[1] Order Granting Motion to Dismiss and Denying Motion to Amend, [Doc. 17].

[2] Fed. R. Civ. P. 59(e).

[3] M.D. Ga., L.R. 7.6.

[4] *Krstic v. Princess Cruise Lines, Ltd. (Cor)*, 706 F.Supp.2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

[5] *Ctr. for Biological Diversity v. Hamilton*, 385 F.Supp.2d 1330, 1337 (N.D. Ga. 2005).

[6] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

motion for reconsideration is within the sound discretion of the district court."[7]

## DISCUSSION

Plaintiff failed to provide any legitimate reason for reconsideration. Instead, Plaintiff attempts to relitigate multiple legal issues already decided by the Court and contends the Court committed various reversible errors which entitle her to reconsideration. The Court disagrees.

Plaintiff's contention that the Court committed reversible error each time it considered Plaintiff's original complaint is without merit. In its Order, the Court denied Plaintiff's motion to amend. The Court was then required to rule on Defendants' pending motion to dismiss. In doing so, the Court logically had to consider Plaintiff's original—and the operative—complaint.[8]

In her Motion, Plaintiff attempts to relitigate the Court's conclusions that the Individual Officers' use of force was reasonable and the Court's consideration of the bodycam footage attached to Defendants' motion to dismiss. "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined.  Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."[9]  The Court considered the parties'

---

[7] *Hankerson v. Drew*, No. 1:13–cv–1790–WSD, 2014 WL 2808218, at *3 (N.D. Ga. June 20, 2014) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-806 (11th Cir. 1993)).
[8] *See Saho v. Equifax, Inc.*, 2020 U.S. Dist. LEXIS 240901, *9 (N.D. Ga. Feb. 28, 2020) (denying motion for leave to amend and recognizing that, as a result, the original complaint remained the operative pleading).
[9] *Am. Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003) (internal citations and quotation marks omitted).

extensive briefing on both issues and rejected Plaintiff's arguments. The Court will not grant reconsideration to relitigate already decided matters.

After reviewing the body camera footage depicting the Individual Officers' interactions with Swinford and the four to five seconds of shooting, the Court concluded none of the Individual Officer's conduct under the circumstances violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[10] Thus, the Court found each of the Individual Officers were entitled to qualified immunity. Plaintiff now attempts to relitigate the Individual Officers' use of force and cites *Hunter v. City of Leeds*, 941 F.3d 1265 (11th Cir. 2019). Plaintiff's argument fails. The Eleventh Circuit decided *Hunter* on November 1, 2019. Swinford was shot by ACC officers on March 8, 2019. Therefore, *Hunter* cannot possibly serve as clearly established law putting officers on notice on March 9, 2019—as it had not yet been decided.

Nevertheless, the present case is distinguishable from *Hunter*. Here, "[d]espite the officer's orders to put the gun down and raise his hands, Swinford walked towards the officers with the gun in his hand while the officer yelled 'don't do that Thomas' and 'drop the gun' multiple times. Seconds later, Swinford raised the gun and pointed it at the officers."[11] The Individual Officers fired shots in a singular four to five second interval,

---

[10] *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).
[11] Court's Order, [Doc. 17] at p. 10.

whereas in *Hunter*, the officers fired multiple intervals of shots.[12]

Additionally, in its Order, the Court did not find Swinford was "compliant, cooperative, under control, or otherwise subdued" before or during the four to five seconds of shooting.[13] The Court concluded in its Order that "[d]uring the four seconds of shooting, and even after Swinford fell to the ground, his head was still raised, his body appeared to move, and officers had not yet located the gun."[14] Likewise, the Court found the bodycam videos attached to Defendants' motion to dismiss were incorporated by reference. Plaintiff's arguments to the contrary are without merit.

With her Motion for Reconsideration, Plaintiff submits "all videos" from March 8, 2019.[15] "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."[16] Plaintiff referenced bodycam videos in her original complaint, her expert reviewed and directly referenced bodycam videos in her proposed amended complaint, yet she chose not to submit the videos or supplement the record. Therefore, Plaintiff cannot show the bodycam evidence

---

[12] *Hunter v. Leeds*, 941 F.3d 1265, 1280 (11th Cir. 2019) ("After Kirk fired his first three shots, Hunter recoiled back into his vehicle. Then, apparently in compliance with Kirk's commands to drop his weapon, Hunter dropped his gun through the opening in the car door. Kirk then, without further warning, fired seven more shots at Hunter, who was now unarmed.").

[13] *Contrast with Hunter, Id.* ("Then, apparently in compliance with Kirk's commands to drop his weapon, Hunter dropped his gun through the opening in the car door.).

[14] Court's Order, [Doc. 17] at p. 14.

[15] Notice of Manual Filing, [Doc. 21], Exhibits A-G.

[16] *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

was not available during the pendency of the motion to dismiss.

Finally, Plaintiff seeks to introduce other new evidence including ACC policies, manuals, and agendas which she attached to her Motion. Like the previously unsubmitted bodycam footage, Plaintiff does not allege the evidence was unavailable during the pendency of the motion or that she could not have discovered it before the entry of judgment. The Court finds that the disfavored and extraordinary remedy of relief under Rule 59(e) is unwarranted.

Accordingly, Plaintiff's Motion for Reconsideration [Doc. 20] and Motion for Evidentiary Hearing [Doc. 25] are **DENIED**.

**SO ORDERED**, this 13th day of October, 2022.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT